UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

ROCHELLE MCBRIDE,
         *Defendant-Appellant.*

No. 01-4158

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-419)

Submitted: December 19, 2001

Decided: January 15, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

George N. Spirakis, Myrtle Beach, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

After she participated in two sales of crack to confidential informants, Rochelle McBride pled guilty to conspiracy to possess in excess of fifty grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 846 (1994). The district court imposed the mandatory minimum sentence of 120 months imprisonment and five years supervised release. 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2001). McBride's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's failure to grant McBride's motion for a substantial assistance departure. McBride has filed a pro se supplemental brief raising additional issues. We affirm.

A sentencing court may depart below the statutory minimum sentence only upon the government's motion for a departure based on the defendant's substantial assistance. *United States v. Butler*, ___ F.3d ___, 2001 WL 1528520, at *3 (4th Cir. Dec. 3, 2001) (No. 01-4047); 18 U.S.C.A. § 3553(e) (West 2000). McBride's plea agreement reserved to the government the discretion to determine whether any assistance McBride provided was substantial. In this circumstance, the district court may not inquire into the government's decision not to move for a departure under § 5K1.1 unless the defendant makes a substantial threshold showing that the government's decision is based on an unconstitutional motive or is unrelated to any legitimate government end. *Wade v. United States*, 504 U.S. 181, 185 (1992). McBride has made no attempt at sentencing or on appeal to meet this requirement.

In her pro se supplemental brief, McBride alleges that there was insufficient evidence of her participation in the conspiracy, that the district court failed to make sufficient findings to establish her guilt, and that her sentence violates the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Because the district court accepted McBride's guilty plea to participating in a conspiracy

to traffic in more than fifty grams of crack cocaine after a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure and presentation of an adequate factual basis, we find no merit in her claims.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*